UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES – GENERAL

Case No.    CR 18-172-GW                                    Date:  February 19, 2025

Present: The Honorable:  HON. GEORGE H. WU, U.S. DISTRICT JUDGE

Interpreter    NONE

| Javier Gonzalez | None Present | Kellye Ng - not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 1. Michael Lerma; | | | | 1. Marry B. Derby, CJA | not | ✓ | |
| 6. Carlos Gonzalez; | | | |    Joel Furman, CJA | | | |
| 7. Juan Sanchez; | | | | 6. Richard Novak, CJA | | | |
| 8. Jose Valencia Gonzalez | not | ✓ | |    Kenneth Miller, CJA | | | |
| | | | | 7. Richard P. Lasting, CJA | | | |
| | | | |    Charles Diamond, CJA | | | |
| | | | | 8. Shaun Khojayan, CJA | | | |
| | | | |    Daniel A. Nardoni, CJA | | | |

**Proceedings:  IN CHAMBERS –  INITIAL THOUGHTS ON DEFENDANTS' REQUEST FOR
PRETRIAL RULING OF ADMISSIBILITY**

     On February 15, 2025, Defendants made a request for "advance evidentiary rulings" regarding various documents that they would like to enter into evidence at trial. *See* Motion, Docket No. 1581. The Government responded on February 18, 2025. *See* Opposition, Docket No. 1591. The following are the Court's initial thoughts for purposes of discussion with the parties.

     First, Defendants seek to admit Medical Examiner Alexander Lemus's report from June 30, 2020, a 24-page document including S.B.'s autopsy report, medical report, laboratory analysis summary report, case report, investigation report, and evidence log. *See* Exhibit 4001, Docket No. 1581-1. The Government objects only to the admission of the two-paragraph portion of the investigation report in which Lemus repeated information related to him by Lieutenant Wilson. *Id.* at 20 of 24; Opposition at 3-4. Defendants argue that this statement is admissible under Federal Rule of Evidence 803(8) as a record or statement of a public office, or, in the alternative, under Federal Rule of Evidence 801(d)(2)(D) as the statement of the agent of a party opponent. The Government disagrees.

     Federal Rule of Evidence 803(8)(C) provides for the admission of "factual findings" resulting from an investigation made pursuant to authority granted by law. "In civil actions and proceedings and against the Government in criminal cases, a court should admit '[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.'" *Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir. 1992) (citing Fed. R. Evid. 803(8)). "A party opposing the introduction of a public record bears the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

burden of coming forward with enough negative factors to persuade a court that a report should not be admitted." *Id.* "This rule is 'premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports.'" *Id.* (citing *Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 805 F.2d 49, 54 (2d Cir. 1986).

　　　　The rule makes fairly clear that the entire report is admissible, including the portions in which Lemus makes note of the comments made by Lieutenant Wilson. "The sources of the information or other circumstances" here do not "indicate a lack of trustworthiness." The Government points to no cases in which a similar report was not admitted.[1]

　　　　Second, Defendants seek to admit "three categories of BOP and MDC-LA documents respecting "counting inmate" procedures: (1) the BOP manuals, the MDC-LA inmate brochure and institutional supplement detailing how and when the count was to be conducted in June 2020; (2) documents showing that the MDC-LA put teeth in these requirements by disciplining inmates who interfered with the count, and (3) count slips signed and dated by 6-North correctional officers who conducted the count on June 28-29, 2020 starting at 4 pm and counted [S.B.] as alive." Motion at 9; *see* Exhibits 4003, 4005, 4017-4021, 4023, 4031.

　　　　The Government claims that the manual of BOP policies will "mislead the jury and confuse the issue" because they imply that the procedures were followed. Opposition at 7. This is unconvincing. The Government can seek to show the policies were not followed, but that they existed is certainly relevant and not unduly prejudicial.

　　　　The Government claims that evidence of sanctions imposed by the BOP on other inmates for impeding the count is irrelevant and unduly prejudicial because they have no bearing on what occurred at the time in question. However, the fact that other inmates received sanctions for failing to follow count procedures makes it more likely that procedures were followed, making it relevant. The Government can still seek to show that the policies were not followed.

　　　　Finally, the Government argues that count slips from June 28 and June 29, 2020 should not be admitted without testimony confirming their trustworthiness under Federal Rule of Evidence 803(8) because the Government's theory of the case directly contravenes their trustworthiness. The Government has not suggested that those conducting the count were untrustworthy; the Government cannot simply assert that a source is untrustworthy without any further facts simply because the evidence would go against their understanding of events.

In conclusion, the Court's initial ruling would be to admit all evidence that the Defendants have put forward, pending further argument at the hearing.